# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-13-117-F |
| ) | |
| JOSHUA ANTONIO McCLENDON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The court is in receipt of letter from defendant, Joshua Antonio McClendon, to the clerk of the court filed August 5, 2019. Doc. no. 60. Defendant requests the appointment of counsel to determine whether the Supreme Court's recent decision in United States v. Davis, 139 S.Ct. 2319 (June 24, 2019), is applicable and to assist defendant to file a second or successive 28 U.S.C. § 2255 motion based upon Davis. The court construes the letter as a motion to appoint counsel. Upon review, the court finds no response from the government is required. The court finds the motion should be denied.

There is no constitutional right to counsel beyond the direct appeal of a criminal conviction. Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). Although the district court has discretion to appoint counsel, Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001); 18 U.S.C. 3006A(a)(2)(B), the court declines to do so. Defendant cannot file a second or successive § 2255 motion in this court without obtaining authorization from the Tenth Circuit. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). In his letter, defendant has failed to show that counsel would be

able to assist him in drafting a successful application to the Tenth Circuit to pursue a second or successive § 2255 motion. Defendant identifies no newly discovered evidence that counsel could develop to show that a second or successive § 2255 motion is warranted. 28 U.S.C. § 2255(h)(1). While defendant cites the Davis case as a possible ground for a second or successive § 2255 motion, defendant has not argued, or identified any authority to support, that Davis constitutes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Because defendant has failed to show that counsel could assist him in establishing one of the grounds for the Tenth Circuit to authorize the filing of a second or successive § 2255 motion, the court finds that defendant's motion for appointment of counsel should be denied. See, U.S. v. Martinez, 507 Fed. Appx. 815, 816 (10th Cir. 2013) (denying request for appointment of counsel to assist defendant in drafting application to pursue second or successive § 2255 motion) (unpublished opinion cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Accordingly, defendant, Joshua Antonio McClendon's letter filed August 5, 2019 (doc. no. 60), which the court construes as a motion to appoint counsel, is **DENIED**.

DATED at Oklahoma City, Oklahoma, this 6th day of August, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0117p012.docx