# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CR-13-117-F ) |
| JOSHUA ANTONIO McCLENDON, | ) ) |
| Defendant. | ) |

## ORDER

The court is in receipt of letter from defendant, Joshua Antonio McClendon, to the clerk of the court filed October 21, 2019. Doc. no. 62. Defendant requests the appointment of counsel to assist him in determining whether he is entitled to relief under the First Step Act and the Supreme Court's recent decision in United States v. Davis, 139 S.Ct. 2319 (June 24, 2019).

Generally, the court does not respond to requests contained in a letter. Requests to the court must be in the form of a motion. *See*, Rule 47, Fed. R. Crim. P. ("A party applying to the court for an order must do so by motion.") The court, however, made an exception when it recently received a previous request for appointment of counsel by defendant. *See*, doc. no. 60. The court did so because the request could be easily addressed without the need of response from the government. The court, exercising its discretion, will again address defendant's request, even though contained in a letter. However, the court advises defendant that any future requests to the court must be in the form of a motion.

Upon review of the letter, the court concludes that no response from the government is required. The court finds that the motion should be denied. There

is no constitutional right to counsel beyond the direct appeal of a criminal conviction. Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). Although the district court has discretion to appoint counsel, Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001); 18 U.S.C. 3006A(a)(2)(B), the court declines to do so. The court previously denied defendant's request to appoint counsel in light of the Davis decision. *See*, doc. no. 60. Defendant has not demonstrated in his letter any reason to reconsider that decision.

As to the appointment of counsel for filing a motion under the First Step Act, the court finds the appointment is not appropriate. The First Step Act of 2018 (Act), Pub. L. No. 115-391, 132 Stat. 5194, does contain sentencing reform provisions. However, only one of those provisions is retroactive. Section 404(b) of the Act retroactively applies sections 2 and 3 of the Fair Sentencing Act of 2010, allowing the court to impose reduced sentences for crack-cocaine offenders convicted before August 3, 2010. However, defendant is not a crack-cocaine offender. He was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Thus, he is not entitled to any relief under the Act.

Based upon the foregoing, defendant, Joshua Antonio McClendon's letter filed October 21, 2019 (doc. no. 62), which the court construes as a motion to appoint counsel, is **DENIED**.

DATED at Oklahoma City, Oklahoma, this 23rd day of October, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0117p013.docx